UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARY JO McDANIEL,<br><br>                    Plaintiff,<br><br>    v.<br><br>HALI SAMAI, *et al.*,<br><br>                    Defendants. | Case No. C24-5615-RAJ-MLP<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL |

Plaintiff Mary Jo McDaniel is a state prisoner who is currently confined at the Washington Corrections Center for Women ("WCCW") in Gig Harbor, Washington. She filed this civil rights action *pro se* and *in forma pauperis*. Plaintiff alleges in this action that Defendants were deliberately indifferent to her health and safety, in violation of her rights under the Eighth Amendment, when they failed to adequately respond to an injury she sustained while working in the WCCW kitchen. (*See* dkt. # 1-1.) This matter is now before the Court for consideration of Plaintiff's motion for appointment of counsel (dkt. # 1-2), which she submitted in conjunction with her civil rights complaint.

Plaintiff is advised that there is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to

ORDER DENYING PLAINTIFF'S MOTION
FOR APPOINTMENT OF COUNSEL - 1

represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the Plaintiff to articulate her claims *pro se* in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

Plaintiff argues in support of her motion for appointment of counsel that she is unable to afford counsel, that she suffers from serious mental health issues, and that she has no knowledge of the law. (Dkt. # 1-2 at 1-2.) Plaintiff further argues that the issues involved in the case are complex, that she has limited access to the law library, and that her confinement will preclude her from investigating the case and presenting evidence. (*Id.* at 1-2, 4.) Finally, Plaintiff argues that there is an "extraordinary need for counsel" here because the incident giving rise to her federal claims may also give rise to worker's compensation and labor and industries issues, and to social security disability problems, all of which will make this case difficult to navigate for an inexperienced litigant. (*Id.* at 5.)

Plaintiff's indigency and her lack of legal knowledge are not exceptional circumstances sufficient to warrant the appointment of counsel. As to Plaintiff's claim that she has serious mental health issues, she fails to demonstrate that this alleged disability will interfere with her ability to litigate this action. Indeed, the materials thus far submitted to the Court for consideration are well organized, Plaintiff's claims are clearly alleged, and she has attached relevant exhibits in support of her pleading, all of which suggests that Plaintiff is competent to litigate this action.

To the extent Plaintiff expresses concerns about her limited access to the law library and her ability to adequately investigate this case, she has identified challenges typical of those faced by prisoners litigating actions from within the confines of a correctional facility, challenges which do not, by themselves, constitute extraordinary circumstances. If, as this action proceeds, Plaintiff finds that limitations on library access hinder her ability to meet Court imposed deadlines, she may seek relief from such deadlines by filing an appropriate motion with the Court.

With respect to Plaintiff's claims regarding the complexity of this case, the record belies the assertion that this action is too complex for Plaintiff to litigate without assistance. Plaintiff presents relatively straightforward claims that she was injured while working in the WCCW kitchen on June 8, 2023, and that staff failed to appropriately respond to her injury. (*See* dkt. # 1-1 at 4-6, 12-14.) Plaintiff's claim is limited in time and scope, and she has demonstrated ample ability to articulate the legal and factual bases of her claim without the assistance of counsel. As noted above, Plaintiff suggests that this case involves additional complexities because the events giving rise to this lawsuit might also give rise to claims she may wish to pursue through various administrative agencies. Plaintiff is advised that even if counsel were appointed to represent her in this action, such an appointment would be limited to claims properly raised in a federal civil rights action and would not extend to any administrative claims Plaintiff may wish to pursue.

Finally, while Plaintiff submits a detailed declaration in support of her motion for appointment of counsel that describes the events giving rise to her claims, neither the declaration nor Plaintiff's other submissions are sufficient to demonstrate that she is likely to succeed on the

ORDER DENYING PLAINTIFF'S MOTION
FOR APPOINTMENT OF COUNSEL - 3

merits of her constitutional claims. The record will require further development before the Court will be able to make any determination in this regard.

Based on the information available to the Court at this juncture, this Court must conclude that Plaintiff has not demonstrated that her case involves exceptional circumstances which warrant the appointment of counsel. Accordingly, the Court hereby ORDERS as follows:

(1) Plaintiff's motion for appointment of counsel (dkt. # 1-2) is DENIED without prejudice to Plaintiff renewing her motion at a later date if she believes she can satisfy the standard set forth above.

(2) The Clerk is directed to send copies of this Order to Plaintiff and to the Honorable Richard A. Jones.

DATED this 16th day of August, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge