UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARY JO McDANIEL,

                Plaintiff,

v.

HALI SAMIA, *et al.*,

                Defendants.

Case No. C24-5615-RAJ-MLP

ORDER GRANTING REQUEST FOR APPOINTMENT OF COUNSEL AND DIRECTING THE PRO BONO COORDINATOR TO IDENTIFY PRO BONO COUNSEL

      This is a prisoner civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff is a state prisoner who is currently confined at the Washington Corrections Center for Women ("WCCW") in Gig Harbor, Washington. Plaintiff submitted her civil rights complaint to the Court for filing on July 31, 2024, together with an application for leave to proceed with this action *in forma pauperis* and a motion for appointment of counsel. (*See* dkt. # 1.) Plaintiff alleges in her complaint that Defendants were deliberately indifferent to her health and safety, in violation of her rights under the Eighth Amendment, when they failed to adequately respond to an injury she sustained while working in the WCCW kitchen. (*See* dkt. # 4.)

      Plaintiff asserts that her "pinky finger" was torn almost all the way off after being smashed between a food cart and a door. (*See* dkt. # 4 at 11-12.) Plaintiff claims that Hali Sami,

her kitchen supervisor, responded to the incident by saying, "It's only a bump, she'll be okay," and that Corrections Officer Orlean denied her access to ice which, if provided, may have allowed Plaintiff's finger to be "reattached at the hospital." (*Id.* at 12-13.) Plaintiff claims she was subsequently taken to Harborview Medical Center in Seattle, where the finger was amputated. (*Id.* at 5, 14.)

On August 16, 2024, the Court issued Orders granting Plaintiff leave to proceed *in forma pauperis* and directing that Plaintiff's complaint be served on Defendants. (Dkt. ## 3, 7.) On the same date, the Court issued an Order denying the motion for appointment of counsel submitted with Plaintiff's complaint, finding that Plaintiff had not demonstrated her case involves exceptional circumstances warranting such an appointment. (Dkt. # 6.) On September 26, 2024, Plaintiff filed a renewed motion for appointment of counsel. (Dkt. # 13.) She asserts therein that she did not write her complaint and she had a friend assist her in writing her previous motion for appointment of counsel. (*Id.*) Plaintiff claims her friend is no longer available to assist her and she does not have the ability to file documents on her own. (*Id.*) Plaintiff cites to learning disabilities that required her to attend a special needs school until she was in ninth grade when she quit because it was too overwhelming. (*Id.*) She also cites to the fact that she suffers from mental health issues for which the prison prescribes various medications which cause drowsiness. (*Id.*)

Generally, the decision to appoint pro bono counsel rests within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues

involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citations omitted). Neither of these factors is dispositive, and the factors must be viewed together before reaching a decision regarding appointment of counsel. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

The Court cannot, at this time, make any determination as to whether Plaintiff is likely to succeed on the merits of her Eighth Amendment claim, though it appears clear from Plaintiff's submissions to date that she suffered a significant injury as the result of the kitchen accident that gave rise to her constitutional claim. (*See* dkt. # 4.) And, while Plaintiff demonstrated adequate ability to articulate her claims in her complaint, given the nature of the claims asserted by Plaintiff, and her representation that she had assistance in preparing her initial materials but lacks the ability to further litigate this action because of learning disabilities and mental health issues, the Court deems appointment of counsel appropriate at this juncture.

Based on the foregoing, this Court hereby ORDERS as follows:

(1) Plaintiff's motion for appointment of counsel (dkt. # 13) is GRANTED, contingent on identification of counsel willing to represent Plaintiff in this matter. The Western District of Washington's Pro Bono Coordinator is directed to identify counsel to represent Plaintiff, in accordance with the Court's General Order 07-23 ("In re: Amended Plan for the Representation of Pro Se Litigants in Civil Rights Actions"), section 3. Once it has been determined whether the Court will be able to appoint an attorney to represent Plaintiff, the Court will issue appropriate orders.

(2) The Clerk is directed to send copies of this Order to the parties, to the Pro Bono Coordinator, and to the Honorable Richard A. Jones.

DATED this 7th day of November, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge