UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARY JO McDANIEL,

          Plaintiff,

    v.

HALI SAMIA, *et al.*,

          Defendants.

Case No. C24-5615-RAJ-MLP

ORDER GRANTNG PLAINTIFF'S MOTION FOR LEAVE TO AMEND

## I.    INTRODUCTION

This is a prisoner civil rights action brought under 42 U.S.C. § 1983. Plaintiff is a state prisoner who is confined at the Washington Corrections Center for Women ("WCCW") in Gig Harbor, Washington. The claims asserted in this action arise out of an incident that occurred in the WCCW kitchen in June 2023, which resulted in injury to, and the subsequent amputation of, Plaintiff's left pinky finger. (*See* dkt. # 4.) At present, the operative complaint in this action is the complaint Plaintiff filed *pro se* in July 2024. (*See* dkt. ## 1, 4.) This matter is now before the Court for consideration of Plaintiff's motion for leave to amend her complaint, which was filed on her behalf by *pro bono* counsel. (*See* dkt. ## 27-28.) Defendants have filed a response opposing Plaintiff's motion (dkt. # 29), and Plaintiff has filed a reply in support of her motion

ORDER GRANTING PLAINTIFF'S
MOTION FOR LEAVE TO AMEND - 1

(dkt. # 30). The Court, having reviewed the submissions of the parties, GRANTS Plaintiff's motion for leave to file an amended complaint.

## II.  BACKGROUND

Plaintiff submitted her civil rights complaint to the Court for filing on July 31, 2024. (*See* dkt. # 1.) Plaintiff was at that time proceeding *pro se*. (*See id.*) Plaintiff alleged in her complaint that Defendants were deliberately indifferent to her health and safety, in violation of her rights under the Eighth Amendment, when they failed to adequately respond to an injury she sustained while working in the WCCW kitchen. (*See* dkt. # 4.) Plaintiff asserted that her "pinky finger" was torn almost all the way off after being smashed between a food cart and a door. (*See id.* at 11-12.) Plaintiff claimed that Hali Semaia[1], her kitchen supervisor, responded to the incident by saying, "It's only a bump, she'll be okay," and that Corrections Officer Orlean denied her access to ice which, if provided, may have allowed Plaintiff's finger to be "reattached at the hospital." (*Id.* at 12-13.) Plaintiff further claimed that she was subsequently taken to Harborview Medical Center where the finger was amputated. (*Id.* at 5, 14.) Plaintiff identified Hali Semaia and Corrections Officer Orlean as the only two defendants in her original complaint. (*Id.* at 1, 3.) She requested relief in the form of damages, and she also asked that the food carts "be safer." (*Id.* at 9.)

On August 16, 2024, the Court issued an Order directing that Plaintiff's complaint be served on Defendants Semaia and Orlean. (Dkt. # 7.) On the same date the Court issued an Order denying without prejudice a motion for appointment of counsel submitted by Plaintiff with her original complaint. (*See* dkt. ## 5-6.) After Defendants returned their service waivers, but before

---

[1] Plaintiff identified this individual as Hali Samia in her original pleading. (*See* dkt. # 1, 4.) However, this individual was identified as Hali Semaia in subsequent submissions by Defendants (*see* dkt. ## 10, 15, 29), and in Plaintiff's proposed amended complaint (dkt. # 28, Ex. 1).

ORDER GRANTING PLAINTIFF'S
MOTION FOR LEAVE TO AMEND - 2

they filed a responsive pleading, Plaintiff renewed her motion for appointment of counsel. (*See* dkt. ## 9-10, 13, 15.) Defendants filed an answer to Plaintiff's complaint on October 15, 2024 (dkt. # 15), and on November 7, 2024, the Court issued an Order granting Plaintiff's motion for appointment of counsel (dkt. # 16). Pro bono counsel was quickly located, and on November 22, 2024, the Court appointed Erin Wilson as counsel for Plaintiff. (Dkt. # 18.)

The parties were thereafter directed to file a joint status report, which they did on January 8, 2025. (Dkt. ## 19, 21.) On January 15, 2025, the Court issued an Order establishing a pretrial schedule in this matter, which included deadlines for filing amended pleadings (May 8, 2025), completing discovery (November 3, 2025), and filing dispositive motions (December 3, 2025). (Dkt. # 22.) Based on the parties' stipulation, the Court extended the deadline to join additional parties to April 22, 2025. (Dkt. # 25.) On April 22, 2025, Plaintiff filed the pending motion for leave to amend her complaint, together with a proposed amended complaint. (*See* dkt. ## 27-28.)

### III.   DISCUSSION

Plaintiff seeks to amend her complaint to add several new defendants and several new claims to this action. Specifically, Plaintiff seeks to add the following defendants: Ariel Carmichael, an Advanced Registered Nurse Practitioner at WCCW; David Flynn, Assistant Secretary of the Health Services Division of the Washington State Department of Corrections ("DOC"); MaryAnn Curl, Chief Medical Officer for the DOC; Charlotte Headley, Superintendent of WCCW; and the DOC. (Dkt. # 28, Ex. 1 at 1, 5-6.) In the caption of her proposed amended complaint, Plaintiff lists "John or Jane Does 1-10, supervisors of the WCCW kitchen and/or the WCCW work program, in their official capacities," and "Jane or John Does 11-20, supervisors of the WCCW medical services, in their official capacity" as defendants as well. (Dkt. # 28, Ex. 1 at 1.)

Plaintiff also refines her deliberate indifference claims and adds constitutional claims alleging a failure to train and a custom of failing to provide medical care, as well as state law claims alleging negligence, negligent infliction of emotional distress, outrage, and medical malpractice. (*Id*. at 9-13.) Defendants oppose Plaintiff's motion to amend on both procedural and substantive grounds. (*See* dkt. # 29.)

### A.   Legal Standard

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that the court should freely give leave to amend "when justice so requires." The Ninth Circuit has stated that "[t]his policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). Five factors are typically considered when assessing the propriety of a motion for leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended her complaint. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). "Not all of the factors merit equal weight. . . . [I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citation omitted).

### B.   Procedural Arguments

Defendants argue in their response to Plaintiff's motion to amend that the motion should be denied because Plaintiff has not complied with the requirements of Local Civil Rule ("LCR") 15. (Dkt. # 29 at 3-4.) At issue is the following language contained in LCR 15(a):

> A party who moves for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion. The party must indicate on the proposed amended pleading how it differs from the pleading that it amends by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added.

ORDER GRANTING PLAINTIFF'S
MOTION FOR LEAVE TO AMEND - 4

Defendants note that Plaintiff did not submit with her motion for leave to amend a proposed amended complaint which identifies strikeouts and insertions as required by LCR 15(a), but instead requested that the original complaint, which was handwritten by Plaintiff while she was proceeding *pro se*, be stricken in its entirety. (Dkt. # 29 at 3.) Defendants claim that Plaintiff's request to strike the original complaint "is tantamount to requesting a dismissal," and they complain that Plaintiff has cited no legal authority which allows an original complaint to be stricken and replaced by an amended complaint. (*Id.*) Defendants suggest that Plaintiff's request is "an attempt to circumnavigate LCR 15," and they argue that the Court should deny Plaintiff's request to strike the entire original complaint unless Plaintiff is seeking to dismiss this action. (*Id.*) The Court find Defendants' argument unpersuasive.

The Court perceives in Plaintiff's request to strike her original complaint and replace it with her proposed amended complaint no intent to circumvent the local rules of this Court. This case presents a unique circumstance in which counsel, having been appointed after an original handwritten complaint was filed by a *pro se* litigant, is simply attempting to amend the original pleading in an effort to refine and expand upon that pleading. Common sense dictates that the only reasonable option was for Plaintiff's counsel to present a wholly new pleading which did not lend itself to strict compliance with the requirements of LCR 15.

It is readily apparent from the proposed amended complaint the ways in which it differs from Plaintiff's original handwritten complaint, and Defendants make no showing that they have been prejudiced in any way by the method adopted by Plaintiff to present her proposed amended pleading. The Court therefore declines to reject Plaintiff's proposed amended pleading on procedural grounds.

### C. Substantive Arguments

Defendants also argue in their response to Plaintiff's motion to amend that Plaintiff's allegations as to the proposed new defendants are futile. (Dkt. # 29 at 4.) Specifically, Defendants argue that: (1) the DOC and DOC employees in their official capacity cannot be sued under § 1983; (2) the DOC is immune from suits for damages; (3) Plaintiff alleges insufficient facts to show personal participation of any of the proposed new defendants; (4) Plaintiff cannot sue DOC employees in their official capacity based solely on their positions within the DOC; and (5) Plaintiff's state law claims are deficient on their face. (*Id*. at 4-9.)

As suggested above, Defendants' primary opposition to Plaintiff's motion to amend is that Plaintiff's allegations as to the proposed new defendants are futile. However, Defendants Semaia and Orlean do not have standing to raise futility arguments on behalf of the proposed new defendants. *See, e.g., Conrad v. Lopez De Lasalle*, 681 F. Supp. 3d 371, 380 (D.N.J. 2023) ("Many courts have . . . conclud[ed] that current parties do not have standing to oppose a motion to amend seeking to add new parties on the basis of futility of amendment."); *Pacesetter Consulting LLC v. Kaprelian*, 2019 WL 2603722, *2 (D. Ariz. 2019) ("Bassetti can only argue that proposed amended allegations against himself would be futile. His motion, however, asserts arguments on behalf of himself as well as on behalf of [two other entities]. His arguments as to futility on behalf of [those] entities are improper."). Any challenge to the viability of the claims alleged in the amended complaint against the proposed new defendants are more appropriately raised in a motion to dismiss once the proposed new defendants have been served and are under the jurisdiction of this Court.

//

//

ORDER GRANTING PLAINTIFF'S
MOTION FOR LEAVE TO AMEND - 6

## IV. CONCLUSION

Based on the foregoing, Plaintiff's motion for leave to amend her complaint (dkt. # 27) is GRANTED. The Clerk is directed to post Plaintiff's proposed amended complaint (dkt. # 28, Ex. 1) as the first amended complaint in this action. Upon posting, the first amended complaint shall become the operative pleading in this action. The Clerk shall send copies of this Order to all counsel of record and to the Honorable Richard A. Jones.

Dated this 16th day of June, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge